UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EARL COSEY,

       Plaintiff,

v.                Case No. 23-CV-461-JPS

ANGELA THOMPSON and
DESTINY KREBS,         **ORDER**

       Defendants.

   Plaintiff Earl Cosey, an inmate confined at Green Bay Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's motions for leave to proceed without prepaying the filing fee and screens his complaint.

**1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

   The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

   On May 25, 2023, the Court ordered Plaintiff to pay an initial partial filing fee of $53.09. ECF No. 7. Plaintiff paid that fee on August 3, 2023. The Court will grant Plaintiff's first motion for leave to proceed without prepaying the filing fee, ECF No. 2, and will deny his second such motion,

EFF No. 5, as moot. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*,

570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff suffers from nerve damage from an injury in 1997 where he was shot approximately seventeen to twenty-five times in his stomach, back, both legs, feet, and buttocks. ECF No. 1 at 2. Plaintiff constantly experiences muscle spasms and was taken off grounds for medical treatment numerous times when he was housed in Racine Correctional Institution. *Id.*

Plaintiff alleges that on August 30, 2022, at approximately 8:10 a.m., he began experiencing excruciating pain and he pressed his emergency medical button for medical treatment. *Id.* An unidentified officer answered the call and asked Plaintiff the nature of his emergency. *Id.* At this point Plaintiff's back and legs had gone out and he was stretched out on the floor and experiencing a ten out of ten-pain level. *Id* Plaintiff told the officer that he fell because of the pain and was completely immobilized. *Id.* The officer told Plaintiff he was contacting medical staff. *Id.*

Ten minutes passed and no one came to treat Plaintiff, so he pressed the emergency medical button again. *Id.* Someone told Plaintiff that a nurse would be there soon. *Id.* Finally, Defendant Destiny Krebs ("Krebs") appeared at his cell door can began calling his last name. *Id.* Krebs asked him why he was having a problem and why he did not have this problem when housed in H-North, and stated, "So are you pulling this shit now." *Id.* Krebs went on to say that she did not believe Plaintiff was in any pain, implying that he was faking his condition. *Id.* Plaintiff told Krebs his story,

pleaded for help, and began to cry. *Id.* Krebs responded in a nasty tone, "I am not dealing with this shit fuck you," and stormed off. *Id.*

Plaintiff pressed his medical emergency button for help and was crying from the pain. *Id.* Plaintiff told Sgt. Allen what happened with Krebs. *Id.* Sgt. Allen told Plaintiff he was contacting his superiors and was trying to get him help. *Id.* Sgt. Allen came back twenty minutes later on the speaker and stated that Krebs was busy with someone else and to not express frustration with her because she was the only nurse there that day. *Id* at 2–3. Sgt. Allen went on to say that anything Plaintiff said would "set her off on rampage." *Id.* at 3. Plaintiff experienced a mild anxiety attack upon hearing this information. *Id.*

About ten minutes later, Krebs appeared with a few correctional personnel, including a white shirt. *Id.* Plaintiff was taken to the medical room in a wheelchair. *Id.* Krebs took Plaintiff's vitals and asked him a few questions. *Id.* She then told the officers to step out of the room. *Id.* Once the officers were outside the medical room, Krebs again became aggressive and threatened Plaintiff that she would not treat him if she felt disrespected. *Id.* Plaintiff then told this to the white shirt that had escorted him and said that he did not feel safe with Krebs. *Id.* The white shirt ensured Plaintiff that his safety was the first priority. *Id.* Krebs finished her check-up notes. They did nothing to treat Plaintiff's pain except give him Ibuprofen, which Plaintiff could not take because they did not provide him anything to eat with it. Plaintiff experienced excruciating pain for almost thirteen hours as a result of Defendants' actions. *Id.*

### 2.3 Analysis

The Court finds that Plaintiff may proceed against Krebs for an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's medical need. The Eighth Amendment secures an inmate's right

to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

"A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640). At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Krebs. Plaintiff alleges excruciating pain for over thirteen hours and that Krebs denied him medical care based on a personal reason as opposed to a medical decision. As such, Plaintiff may proceed against Krebs for an Eighth Amendment deliberate indifference claim for her indifference to Plaintiff's serious medical need.

Plaintiff may not proceed, however, on any claims against Defendant Angela Thompson. A § 1983 plaintiff must "ground his legal conclusions in a sufficiently plausible factual basis" that places each defendant "on notice of what exactly [he or she] might have done to violate his rights under the Constitution." *Brooks v. Ross*, 578 F.3d 574, 582

(7th Cir. 2009). Plaintiff makes no factual allegations against Thompson, and the Court will accordingly dismiss her from this case for the failure to state a claim against her.

3. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment deliberate indifference claim against Defendant Krebs for her indifference to Plaintiff's serious medical need.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, she is to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's second motion for leave to proceed without prepaying the filing fee, ECF No. 5, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Angela Thompson be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a

copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Krebs**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendant shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendant raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why she intends to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $296.91 balance

of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 11th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

> Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.